**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA USA, a Michigan Corporation;<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>CONSTRUCTION SERVICES UNLIMITED, a Nevada Corporation; GLOBAL DEVELOPMENT GROUP, LLC, a Nevada limited liability company; MICHAEL D. FROELICH, an individual; BARBARA FROELICH, an individual;<br><br>　　　　　　　　Defendants. | Case No.: 2:14-cv-01745-APG-NJK<br><br>**ORDER REQUIRING POSTING OF COLLATERAL SECURITY, REQUIRING PRODUCTION OF DOCUMENTS, AND PRELIMINARILY ENJOINING DEFENDANTS**<br><br>(Dkt. ##6, 7, 8) |

Plaintiff The Guarantee Company of North America USA's ("GCNA") moved for (1) an Order requiring posting of collateral security by defendants Construction Services Unlimited, Global Development Group, LLC, Michael D. Froelich, and Barbara Froelich (the "Indemnitors") (Dkt. #6); (2) an Order requiring the Indemnitors to produce various documents (Dkt. #7); and (3) a Preliminary Injunction restraining the Indemnitors from alienating or encumbering their assets (Dkt. #8). No opposition was filed. Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Moreover, I have reviewed the pleadings and the papers on file and determined that good cause exists for entry of the Preliminary Injunction. Accordingly, I hereby find and order as follows:

1. GCNA issued the following Payment Bonds on behalf of Construction Services Unlimited:

| BOND NO. | PROJECT | OBLIGEE | PENAL SUM |
|---|---|---|---|
| 70014832 | Trihalomethanes Treatment at Laughlin 780 Zone Reservoir | Las Vegas Valley Water District | $257,500 |
| 70014834 | Construct a New Wetlands Park Duck Creek Trailhead | City of Henderson | $1,084,480 |
| 70014837 | Sunset Road/1-515 Landscaping Project | City of Henderson | $917,879.78 |

1    2.   In requesting that these Payment Bonds be issued, the Indemnitors entered into an
2  Indemnity Agreement in favor of GCNA wherein the Indemnitors agreed, jointly and severally, as
3  follows:

> 4. The UNDERSIGNED shall indemnify SURETY and hold it harmless from and against all claims, damages, expenses, losses, costs, professional and consulting fees, disbursements, interests and expenses of every nature (including premiums and fees due for the issuance and continuance of any BOND or BONDS) which SURETY may sustain, incur or become liable for by reason of having executed or procured the execution of any BOND or BONDS, or by making any investigation of any matter concerning any BOND or BONDS, or by prosecuting or defending any action in connection with any BOND or BONDS, or by recovering any salvage or enforcing this Agreement.

3.   The Indemnitors further agreed to provide collateral security upon GCNA's demand:

> 5. Upon SURETY's reasonable belief that it may incur a loss on a BOND or BONDS, SURETY may demand and, upon SURETY's demand, the UNDERSIGNED shall deliver over to SURETY collateral security acceptable to SURETY to cover any contingent losses and any subsequent increase thereof.

4.   The Indemnitors also agreed to provide documentation and information to GCNA:

> 9. a) The UNDERSIGNED shall furnish to SURETY such information as it may request concerning their financial condition, the status of work under any contract, bonded or unbonded, the condition of the performance of any such contract, and the payment of obligations incurred in connection therewith, and the UNDERSIGNED hereby authorize those with whom such contracts are made to furnish to SURETY all information concerning such contracts and the work thereunder. SURETY may from time to time, in its sole discretion, examine and copy the books, accounts, and records of the UNDERSIGNED and inspect the work at any project (whether bonded or unbonded).
>
> b) Upon request of SURETY, the UNDERSIGNED shall provide reports to SURETY regarding all construction or service contracts (whether bonded or unbonded) in such detail and in such format as may be reasonably requested by SURETY. Each UNDERSIGNED represents, warrants, and covenants that all information provided in, or in connection with, any application for any BOND or BONDS, or in connection with the Agreement, is complete and accurate. SURETY may obtain information concerning the affairs and operation of the UNDERSIGNED and any transaction between or among them from any banks, depositories, obligees or the BOND or BONDS, materialmen, supply houses, credit reporting agencies and any other person . . . .

5. Claims have been asserted by various claimants against the Payment Bonds. These claims include the following:

| Claimant | Bond | Claimed Amount |
|---|---|---|
| Aztech Materials Testing, Inc. | Duck Creek Bond | $6,653.00 |
| Impact Sand & Gravel | Sunset Road Bond | $ 236,805.01 |
| Ferguson Enterprises, Inc. | LVVWD Bond | $ 35,855.85 |
| Arizona Civil Constructors | Sunset Road Bond | $ 583,000.00 |
| Rowley Contracting, Inc. | Sunset Road Bond | $ 261,270.00 |
| **TOTAL** | | **$1,116,930.86** |

6. As a result of these claims, on August 21, 2014 GCNA demanded collateral security from the Indemnitors in the amount of $40,000, and on October 2, 2014 GCNA increased this demand for collateral security to $350,000.

7. To date, the Indemnitors have failed to provide the collateral security as demanded by GCNA.

8. GCNA has made repeated and multiple demands for documentation and information from the Indemnitors in relation to claims asserted against the Payment Bonds and on issues related to the Payment Bonds.

9. To date, the Indemnitors have failed to provide the requested documentation and information to GCNA.

10. Because the Indemnitors have failed to post collateral as requested, GCNA does not have an adequate remedy at law to protect the security arrangement to which it is entitled in accordance with the Indemnity Agreement.

11. Without the requested injunctive relief, GCNA will not receive the collateral security to which it is entitled and it will forever and irreparably lose its rights to the collateral.

12. GCNA has a reasonable probability of success on the merits of its claims. Moreover, the balance of hardships tips sharply in favor of GCNA, and the public has an interest in the enforcement of indemnity agreements such as those at issue in this case.

13. Based on the foregoing, good cause exists to enter the following injunctive relief:

IT IS HEREBY ORDERED that the Indemnitors must immediately post collateral security in the amount of $350,000.00 with GCNA based on the Indemnity Agreement and by virtue of the equitable doctrines of specific performance, exoneration, and *quia timet*.

IT IS FURTHER ORDERED that the Indemnitors must provide GCNA immediate access to the books, records, and/or accounts of Construction Services Unlimited ("CSU"), Global Development Group, LLC ("GDG"), Michael D. Froelich, and Barbara Froelich.

IT IS FURTHER ORDERED that the Indemnitors are prohibited, enjoined, and restrained from selling, transferring, disposing of, encumbering or liening their assets and property until the collateral security in the amount of $350,000 is posted by the Indemnitors to GCNA.

IT IS FURTHER ORDERED that, pursuant to Fed.R.Civ.P. 65(c), GCNA shall post security in the amount of $1,000.00 to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

DATED: December 18, 2014.

_____
UNITED STATES DISTRICT JUDGE